JOHN C. and MILDRED N. KINGSBURY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kingsbury v. Commissioner
Docket Nos. 7026-71, 5932-72.
United States Tax Court
T.C. Memo 1975-353; 1975 Tax Ct. Memo LEXIS 20; 34 T.C.M. (CCH) 1537; T.C.M. (RIA) 750353; December 15, 1975, Filed *20 John C. Kingsbury, pro se. Peter Matwiczyk, for the respondent. FORRESTER
SUPPLEMENTAL MEMORANDUM OPINION FORRESTER, Judge: On June 26, 1975, we filed a Memorandum Findings of Fact and Opinion in this case (T.C. Memo. 1975-204) in which we decided 10 separate issues concerning deficiencies determined in petitioners' income tax and additions to tax for the years 1968, 1969, and 1970. With respect to Issue 2, we held therein that on their 1968 return, petitioners had improperly deducted $820.73 as unreimbursed employee business expenses. It has now come to our attention that respondent had conceded that $145.34 of these expenses were allowable deductions for 1968. Accordingly, with respect to Issue 2, we now hold that only $675.39 was improperly deducted by petitioners on their 1968 return as unreimbursed employee business expenses. In all other respects, our said prior Memorandum Opinion is hereby reaffirmed. Pursuant to that Opinion, respondent, on October 6, 1975, filed a "Computation for Entry of Decision" for 1968, 1969, and 1970, in conformity with Rule 155, Tax Court Rules of Practice and Procedure. On October 17, 1975, petitioners filed an objection *21 to respondent's computations accompanied by alternative computations for the years at issue. Because of the above-described change in our holding with respect to petitioners' 1968 unreimbursed business expense deductions, it is necessary for the parties to resubmit their respective computations for entry of decision for the year 1968, consequently it is so ordered, and, Decision will be entered under Rule 155.